IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NANCY D. MALDONADO | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-11-CV-388-KC** |
| | § | |
| JOHN M. MCHUGH, SECRETARY, | § | |
| DEPARTMENT OF THE ARMY, | § | |
| | § | |
| **Defendant**. | | |

## ORDER

On this day, the Court considered "Defendant's Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment" ("Motion"), ECF No. 16.  For the reasons set forth below, the

Court **DENIES** the Motion.

I.      BACKGROUND

Plaintiff, a Hispanic female, began employment as a firefighter at Fort Bliss in August

2004.  Compl. ¶ 11, ECF No. 1.  As a firefighter, Plaintiff's duties include responding to fire

alarms, medical emergencies, rescue operations, and aircraft emergencies.  Compl. ¶ 15.

Further, Plaintiff "assesse[s] the fire ground conditions for safety, operate[s] portable and

stationary apparatus[es], use[s] a variety of hand and power tools, provide[s] basic life support,

operate[s] emergency vehicles, and perform[s] operator maintenance."  Compl. ¶ 15.

Plaintiff filed this lawsuit on September 21, 2011, alleging that the Secretary of the

Department of the Army, John McHugh ("Defendant"), violated the Civil Rights Act of 1964, as

amended by Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.,  ("Title VII") and the

Rehabilitation Act of 1973, as amended 29 U.S.C. § 791 et seq. ("Rehabilitation Act").  Compl.

¶ 1.

In support of her claims, Plaintiff alleges a series of work place incidents.  First, Plaintiff

alleges that in September of 2009, her supervisor failed to investigate an on-the job injury to her

thigh and forced her to use sick leave instead of appropriately responding as her supervisor had

done for non-Hispanic employees.  Compl. ¶¶ 11, 16-17, 20-22.  Specifically, Plaintiff contends

that when her supervisor "gets any wind of some accident he will go, and take pictures, collect

interviews, and he would remind the supervisors to complete the appropriate CA forms and

make sure the person who is injure[d] gets medical attention immediately."  Compl. ¶ 17.  But,

according to Plaintiff, her supervisor did not take any of these steps because Plaintiff is Hispanic.

Compl. ¶ 17.

Second, Plaintiff alleges that her supervisors prevented her from gaining special

certification to drive fire trucks.  Compl. ¶ 12.  Specifically, she maintains that her supervisors

refused to give her the training materials because she "would write on" them, and forced her to

pay for her own training when the agency had paid for the training of other non-Hispanic

employees.  Compl. ¶¶ 12, 40.  Third, Plaintiff alleges that her supervisor removed her from her

primary duty to drive the fire engine and assigned her lower duty assignments.  Compl. ¶ 37.

Fourth, Plaintiff claims that she received her appraisal one month late from her supervisor.

Compl. ¶ 45.  Fifth, Plaintiff asserts that mildew and mold had contaminated her assigned

changing room.  Compl. ¶ 38.  Sixth, Plaintiff asserts that on December 11, 2009, her supervisor

harassed her when she asked for family sick leave to care for her son who was suffering from a

spider bite wound.  *See* Compl. ¶¶ 28-29, 36, 43-44.  Finally, Plaintiff alleges that her

supervisors and co-workers harassed her for filing Equal Employment Opportunity ("EEO")

complaints, and generally treated her poorly compared to other similarly-situated employees.

*See* Compl. ¶¶ 19, 26, 41.

According to Plaintiff, the sum of these events, and others, were acts of discrimination,

based upon her disability (a boil/cut on her thigh), gender (female), national origin (Hispanic),

and were in retaliation for engaging in protected activity.  Compl. ¶¶ 47-64.  Further, Plaintiff

contends that these incidents constituted a hostile work environment.  Compl. ¶¶ 65-70.

## II.      DISCUSSION

In his Motion, Defendant moves to dismiss Plaintiff's discrimination claims for lack of

subject matter jurisdiction.  Mot. 1-2, 12-13.  Defendant argues that the Federal Employees'

Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., preempts Plaintiff's claims.  According to

Defendant, FECA dictates that the Secretary of Labor's decision granting or denying workers'

compensation benefits is final and not subject to review in federal court.  Mot. 12-13.  In the

alternative, Defendant seeks summary judgment, arguing that Plaintiff cannot establish prima

facie cases of discrimination, retaliation, or a hostile work environment.  Mot. 2.  The Court first

examines the Defendant's argument that the Court lacks subject matter jurisdiction, and then

examines the Defendant's argument for summary judgment.

### A.      Subject Matter Jurisdiction

#### 1.      Standard

Federal courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs.*,

545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Office of the Comptroller of the Currency of

the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004)*.*  Without jurisdiction conferred by statute or the

Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil*, 545 U.S at

552; *People's Nat'l Bank*, 362 F.3d at 336.  A party may challenge a district court's subject

matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(1).  Fed. R. Civ. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any

other challenge because a court must have subject matter jurisdiction before determining the

validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  The

party asserting jurisdiction "constantly bears the burden of proof that the jurisdiction does in fact

exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Where the motion to

dismiss is based on the complaint alone, the court must decide whether the allegations in the

complaint sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*,

644 F.2d 521, 523 (5th Cir. 1998).

### 2.      Workers' compensation

Defendant argues that Plaintiff is attempting to collaterally attack the denial of her

workers' compensation benefits by alleging discrimination.  Mot. 12-13.  Specifically,

Defendant contends that FECA deprives this Court of jurisdiction to consider Plaintiff's claim

for relief. *See* Mot. 12-13.  In response, Plaintiff argues that Defendant erroneously construes

her claim as a FECA claim. *See* Pl.'s Resp. to Mot. to Dismiss, or in the Alternative Mot. for

Summ. J. ("Response") 12, ECF No. 23-2.  Plaintiff contends "that she was discriminated based

on her gender (female), national origin (Hispanic), disability and/or reprisal when she was

denied continuation of pay benefits and was instead required by her supervisors to take sick

leave."  Resp. 12.

FECA provides compensation for personal injuries that a federal employee "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). "FECA functions as a federal workers' compensation act and provides a substitute for, not supplement to, recovery." *Bennett v. Barnett*, 210 F.3d 272, 276 (5th Cir. 2000). When a federal employee's injury falls within the scope of FECA, FECA is exclusive of any other remedy. *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998); *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971). "In enacting [FECA], Congress adopted the principal compromise — the 'quid pro quo' — commonly associated with workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983) (citing H.R. Rep. No. 729, 81st Cong., 1st Sess., 14-15 (1949); S. Rep. No. 81-836, at 23 (1949), *reprinted in* 1949 U.S.C.C.A.N. 2125, U.S. Code Cong. Serv. 1949, 2125).

As part of FECA's workers' compensation scheme, Congress chose to preclude judicial review of an award or denial of workers' compensation. 5 U.S.C. § 8128(b). Specifically, 5 U.S.C. § 8128(b) provides:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is —
>
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
> >
> > (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).

In essence, § 8128(b) strips the courts of jurisdiction to review the workers' compensation decisions of the Secretary of Labor. *See* 5 U.S.C. § 8128(b)(2); *White*, 143 F.3d at 234.

However, § 8128(b) does not bar every claim that is somehow tangentially related to a workers' compensation claim. *See* 5 U.S.C. § 8128(b); *Benton v. United States,* 960 F.2d 19, 22 (5th Cir. 1992) (per curiam) ("§ 8128(b) prohibits review *only* of compensation decisions wholly within the discretion of the Secretary of Labor" (emphasis added)). As this Court has previously explained, § 8128 . . . prohibits review of decisions made by the Secretary of Labor or a designee concerning payment, nothing more." *Montana v. Donahoe*, EP-10-CV-212-KC, 2011 WL 3862213, at *5 (W.D. Tex. Sept. 1, 2011) (citing *Benton*, 960 F.2d at 22); *see* 5 U.S.C. § 8128(b).

In this case, Defendant misconstrues Plaintiff's lawsuit. Defendant suggests that Plaintiff is attempting to challenge the denial of her workers' compensation claim by filing this lawsuit. *See* Mot. 1-2, 12-13. But Plaintiff appears to simply mention the denial as background to the sequence of events. *See* Compl. ¶¶ 11, 16, 20-22. Moreover, even if this statement is more than background information, it is just one of many allegations that Plaintiff makes in support of her claims for discrimination. *See* Compl. ¶¶ 11-46. Specifically, Plaintiff alleges discrimination against her when, among other things, (1) her supervisor denied Plaintiff additional training; (2) her supervisor required Plaintiff to rotate fire truck driving duties; (3) Plaintiff received her annual performance evaluation a month late, (4) her changing room was infected with mildew and mold, (5) her supervisor harassed her when she asked for sick leave to care for her son, and (6) her supervisor and co-workers harassed her and generally treated her poorly. *See* Compl. ¶¶ 11-46. Viewing Plaintiff's allegations regarding the denial of workers' compensation within the context of this laundry list of allegations illustrates that Plaintiff is not challenging the denial of

workers' compensation, but rather attempting to show specific incidents of discrimination to support her claims under Title VII and the Rehabilitation Act.

It is true that Plaintiff specifically alleges that her supervisor did not properly respond and investigate on the day she suffered the injury to her thigh, and that she eventually did not receive workers' compensation benefits for this injury. *See* Compl. ¶¶ 17, 21. But critically, Plaintiff does not appear to challenge the denial of her workers' compensation claim. *See* Compl. ¶¶ 17, 21. Rather, Plaintiff focuses on the alleged inadequate response by her supervisor, which Plaintiff alleges occurred because she is Hispanic. *See* Compl. ¶ 17. Thus, whether the Secretary of Labor granted or denied her claim appears irrelevant here because Plaintiff focuses on the poor treatment she received before the Secretary of Labor or her designee made any decision on the award of benefits. *See* Compl. ¶ 17.

Moreover, Plaintiff's Complaint does not explain why the Secretary of Labor denied her claim for workers' compensation. *See* Compl. ¶¶ 16-17, 20-22. If Plaintiff intended to challenge the workers' compensation award, presumably she would have explained why the Secretary of Labor's decision was incorrect. *See, e.g.*, *McDougal-Saddler v. Herman*, 184 F.3d 207, 210-11 (3d Cir. 1999) (challenging the decision to deny workers' compensation benefits by arguing that the agency violated the procedures for appointing an independent physician to resolve disputes between the plaintiff's physician and the agency's physician).

In support of his argument that FECA bars Plaintiff's claims, Defendant relies on *Rodgers v. United States Department of Labor*, No. 97-1497, 1998 WL 152939 (6th Cir. Mar. 23, 1998) and *Lee v. Potter*, No. 1:05CV933, 2008 WL 873629 (M.D.N.C. Mar. 27, 2008). Mot. 13; Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ.

J. ("Reply") 4, ECF No. 27.  However, neither case helps Defendant's argument.  First, as cases

from outside the Fifth Circuit, neither case binds this Court.  Second, and more important, the

plaintiffs in both of those cases premised their claims on FECA.  In *Rodgers*, the plaintiff sued

under FECA.  *Rodgers*, 1998 WL 152939, at *1.  Thus, FECA was so central to the lawsuit that

it was the statutory basis for the claim.  *See id.*  And in *Lee*, the court explained that "all of

[Lee's] claims center around his basic contention that the Postal Service has failed to provide

him with certain FECA benefits."  *Lee*, 2008 WL 873629, at *3.  In contrast here, Plaintiff is not

suing under FECA and her claims do not center on FECA benefits.  As stated above, Plaintiff

premises her claims on Title VII and the Rehabilitation Act and focuses on the disparate

treatment, hostile work environment, and retaliation she allegedly suffered at work.  Therefore,

both *Rodgers* and *Lee* are inapposite.

In summary, this Court is not reviewing the Secretary of Labor's decision to award or

deny workers' compensation because Plaintiff's allegations focus on the alleged instances of

discrimination and not the denial of her benefits.  Accordingly, the Court holds that § 8128(b)

does not deprive this Court of jurisdiction.

### B.      Summary Judgment

Because § 8128 is inapplicable to this case, the Court turns to Defendant's arguments for

summary judgment.  Defendant argues that Plaintiff cannot establish prima facie cases of

discrimination, retaliation, or a hostile work environment.  Mot. 2.

### 1.      Standard

A court must enter summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).  To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).  The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make

credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).  Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### 2.      Analysis

Here, Defendant's motion is premature.  As the standard above indicates, a court must grant summary judgment if it determines "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex*, 477 U.S. at 322; *Weaver*, 529 F.3d at 339.  This judgment typically turns on whether the party has evidence to sustain its claim.  *See Celotex*, 477 U.S. at 322-23; *see also Little*, 37 F.3d at 1075 ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").  Accordingly, the Supreme Court has spelled out the standards for a motion for summary judgment with the assumption that the party opposing summary judgment would have adequate time for discovery.  *See Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (emphasis added)).

Given that evidence is crucial, and the discovery procedures often provide the non-movant the opportunity to obtain evidence, the Second Circuit has held that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the

opportunity to conduct discovery." *See Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citing *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995); *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995)).  Similarly, in the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature.  *See Sunbelt Sav., FSB Dall., Tex. v. Montross*, 923 F.2d 353, 358 (5th Cir. 1991) (holding that grant of summary judgment was premature because the defendant needed additional time for discovery), *reh'g granted en banc*, 932 F.2d 363, *reinstated in part*, *Resolution Trust Corp. v. Montross*, 944 F.2d 227 (5th Cir. 1991); *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 647557 at *1 (E.D. La. Mar. 5, 2008) (citing 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2717, at 298-99 (1998)); *see also Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 890 (5th Cir. 2010) (remanding the case because the grant of summary judgment was premature); 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2717 (3d ed. 2002) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the summary judgment request is premature.")

Beyond the court's discretionary power to deny a motion for summary judgment as premature, Rule 56 specifically provides that a court may deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).

In this case, Defendant filed for summary judgment on May 2, 2012.  *See* Mot. 1, 27. Thus, Defendant filed this Motion for summary judgment well before the Court's November 30, 2012, deadline for discovery and well before the Court's deadline for dispositive motions on January 18, 2013.  Scheduling Order 1, ECF No. 21.  In fact, Defendant has not even filed an

answer in this case.

Given this early filing of a motion for summary judgment, Plaintiff has not had an opportunity to conduct discovery.  Nor for that matter has Defendant conducted discovery.  *See* Mot. 2-5 (citing Plaintiff's Complaint and the administrative record for facts).  Therefore, the Court holds that summary judgment in this case is premature.

## III.   CONCLUSION

For the reasons stated above, the Court holds that 5 U.S.C. § 8128(b) does not apply to this case and summary judgment is premature.  Accordingly, the Court **DENIES** Defendant's Motion, ECF No. 16, without prejudice to filing a new motion for summary judgment on or before the dispositive motion deadline.

**SO ORDERED**.

**SIGNED** on this 10th  day of August, 2012.

_____

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE